IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Fitzgerald, MD, and<br>Joanne Fitzgerald,<br><br>  Plaintiffs,<br><br>v.<br><br>Kathleen McHugh and Rowallan of<br>Scotland Distribution LLC,<br><br>  Defendants. | CIVIL ACTION NO. 2:13-3519-PMD-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiffs in this Court pursuant to 42 U.S.C. § 1332, asserting various state law claims including breach of contract against the Defendants. Pursuant to a Stipulation of Dismissal filed May 14, 2015, one of the originally named Defendants, Jed Wickham, was dismissed as a party Defendant. The remaining two (2) Defendants were initially represented by counsel, but by Order filed January 9, 2015, counsel was relieved from any further representation of these Defendants. Defendants were provided thirty (30) days to obtain new counsel, after which Defendant McHugh (if new counsel was not retained) would be deemed to be representing herself pro se, while Defendant RSD, LLC would have a default entered against it.

No new counsel ever made an appearance, and on February 17, 2015 a default was entered against Defendant RSD, LLC. That same day, a pro se order was entered with respect to Defendant McHugh, which provided, in part:



1

> You are ordered to always keep the Clerk of Court advised **in writing**...if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this Court, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

See Order filed February 17, 2015.

By Order filed October 21, 2015, the case was forwarded to the District Judge for trial. However, on November 2, 2015, an Order of Abstention was entered due to McHugh filing for protection under the United States Bankruptcy Code. The case was thereafter statistically stayed pending resolution of McHugh's bankruptcy petition. On July 11, 2016, an Order was entered re-opening the case following a Notice of Denial of Discharge being filed in the United States Bankruptcy Court for the District of Maryland.

On March 29, 2017 a motion for summary judgment was filed by the Plaintiffs seeking an entry of judgment against both of the remaining Defendants. As the Defendant McHugh is pro se, a Roseboro order was entered by the Court on April 3, 2017.[1] However, both Roseboro orders were returned to the Court as undeliverable. Defendant McHugh's copy of the Court's Order was returned to the Clerk of Court on April 19, 2017, with the envelope being marked "Return to sender, not deliverable as addressed, unable to forward". The Defendant Rowallan of Scotland Distribution LLC's copy of the Court's Order was returned to the Clerk of Court on April 13, 2017, with the envelope being marked "Return to sender, not deliverable as addressed, unable to forward,

---

[1] Although the Defendant RCD, LLC is already in default, since Plaintiffs' motion seeks an entry of judgment against both Defendants, RCD, LLC was also mailed a copy of the Roseboro order to this Defendant's last known address.



2

moved two years ago". As such, it is readily apparent that the Defendants have failed to comply with the Court's Order of February 17, 2015,[2] and as a result neither the Court nor the Plaintiffs have any means of contacting them concerning this case.

Based on the foregoing, and the previous instructions and specific warning provided in the Court's Order of February 17, 2015, it is recommended that the Plaintiffs' motion for summary judgment be **granted**, and that a judgment be entered against Defendant McHugh.[3] Cf. Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993)[Finding that notice sent to an address on file that is returned as undeliverable is sufficient for entry of a default judgment since the party making "himself impossible to contact cannot prevent entry of default judgment."] As Plaintiffs did not request an award of a sum certain, if this recommendation is accepted by the Court, a damages trial will need to be scheduled to determine the amount of damages to be awarded in this case against both the Defendants. See generally Complaint; Stephen Fitzgerald Affidavit, ¶ 38; Joanne Fitzgerald Affidavit, ¶ 38. See also See Smith v. Richard's Restoration, Inc., No. 05-1072, 2006 WL 3898182 at *1 (M.D.Fla. Jan.8, 2006) ["If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Fed.R.Civ.P."]; JTTH Tax, Inc. d/b/a Liberty Tax Service v. Geraci, No. 14-236, 2014 Wl 4955373 at * 7 (E.D.Va. Oct. 2, 2014)[where damages were not sum certain, a hearing was held to establish damages].

**The Clerk shall mail this Report and Recommendation to the Defendant**

---

[2] Although most of McHugh's filings have been returned to the Court undelivered, the Court's Order of February 17, 2015, mailed to McHugh's last known address at the time, was not returned.

[3] An entry of default has already been entered against Defendant RSC, LLC with only the matter of damages left to be determined as to that Defendant.



3

**McHugh at her last known address. If McHugh notifies the Court within the time set forth for filing objections to this Report and Recommendation that she wishes to continue with this case, provides a current address, and a response to the motion for summary judgment, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 21, 2017
Charleston, South Carolina

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

